IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Demetrius A. Glenn, | ) | Case No. 6:18-cv-03179-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Corporal Jackson, A/W Robinson, | ) | |
| SCDC Director Brian Stirling, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendants' motion for summary judgment.[1] ECF Nos. 56. Plaintiff filed a response in opposition, and Defendants filed a reply. ECF Nos. 68, 71. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On January 23, 2020, the Magistrate Judge issued a Report recommending that Defendants' motion be granted in part and denied in part. ECF No. 74. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Defendants filed objections to the Report. ECF No. 78.

---

[1] The Report also contained an Order in which the Magistrate Judge denied Plaintiff's motion to file a second amended complaint. *See* ECF Nos. 70, 74.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

As an initial matter, the Magistrate Judge provides a thorough discussion of the relevant facts and applicable law that the Court specifically incorporates by reference. In light of the fact that Defendants failed to provide copies of Plaintiff's four grievances that were forwarded to the McCormick Correctional Institution PREA[2] Compliance Manager, the Magistrate Judge recommended that Defendant's motion be denied with respect to their argument that Plaintiff failed to exhaust his administrative remedies. ECF No. 74 at

---

[2] Prison Rape Elimination Act of 2003.

8.  He proceeded to a discussion of the merits of Plaintiff's claims.  The Magistrate Judge determined that Defendants' motion should be granted as to Plaintiff's claims against Defendants in their official capacity, his claims against Director Stirling, his request for a prison transfer, his claim for damages resulting from depravation of personal property, and his claims pursuant to 42 U.S.C. § 1983 related to disciplinary sanctions.  ECF No. 74 at 9–11.  The Magistrate Judge recommended that Defendants' motion be denied as to Plaintiff's claims under the Eighth Amendment for sexual abuse, retaliation for reporting the abuse, and deliberate indifference to serious medical and mental health needs.

In their objections, Defendants reiterate that they concede Plaintiff exhausted his administrative remedies with respect to his claims for sexual assault.  ECF No. 78 at 2.  They do not object to the Magistrate Judge's analysis of the merits of this claim.  Defendants also do not object to the Magistrate Judge's recommendation that Plaintiff's claim for retaliation for reporting the abuse survive summary judgment.  Accordingly, the Court has reviewed these portions of the Report for clear error; finding none, the Court adopts the recommendation of the Magistrate Judge as to Plaintiff's claims of sexual assault and resulting retaliation.

Defendants object to the Magistrate Judge's rejection of their argument that Plaintiff failed to exhaust his administrative remedies with respect to his claim that Defendants A/W Robinson and Corporal Jackson were deliberately indifferent to his serious medical needs.  They argue that only one issue may be submitted on a grievance form and that Plaintiff has not produced any Step 2 grievances regarding his medical

claim.  Defendants further argue that Plaintiff cannot establish the subjective element of his medical claim in the event this claim is reviewed on the merits.

Upon de novo review of the record, the Report, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge.  In their objections, Defendants submit that they are in possession of the four PREA grievances and state that they are willing to provide them to the Court.  The Court declines to review them at this time.  *See Wojcicki v. Aiken Tech. Coll.*, 360 F. App'x 484, 487 (4th Cir. 2010) ("The Federal Magistrate's Act provides that a district court, when reviewing a magistrate judge's report and recommendation, '*shall* make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made' and '*may* also receive further evidence.'" (quoting 28 U.S.C.A. § 636(b)(1))); *see also Bethea v. Blanchard & Johnson Transp.*, No. CIV.4:07-2257-RBH, 2009 WL 5214312, at *2 (D.S.C. Dec. 23, 2009), *aff'd,* 375 F. App'x 332 (4th Cir. 2010) ("These documents are not only untimely in that they were submitted after the Report and Recommendation was issued but also are of no help to the plaintiff.").  Instead, the Court will allow Defendants another opportunity to present these documents for a full review by the Magistrate Judge and the undersigned.[3]

---

[3] As noted above, Defendants have also objected to the Magistrate Judge's analysis of the merits of Plaintiff's medical claim.  As exhaustion of administrative remedies is a threshold question for the Court, the undersigned declines to reach the merits of this claim.  *See Fair v. Hallman*, No. 05-2430, 2006 WL 1172198, at * 5 (D.S.C. May 2, 2006) (Noting that "[a]s a threshold matter, the court must address whether the plaintiff has exhausted the available administrative remedies prior to filing suit"); *see also Drippe v. Tobelinski*, 604 F.3d 778, 782 (3rd Cir. 2010) ("Exhaustion of administrative remedies under the [Prison Litigation Reform Act] is a question of law to be determined

## <u>CONCLUSION</u>

Based on the foregoing, Defendants' motion for summary judgment [56] is **GRANTED in part** as to Plaintiff's claims against Director Stirling; Defendants in their official capacities; and Plaintiff's claims for loss of personal property, prison transfer, and disciplinary sanctions. Defendants' motion is **DENIED in part** with respect to Plaintiff's claims for sexual abuse and retaliation. Defendants' motion is **DENIED in part with leave to refile** as to Plaintiff's claim for deliberate indifference to serious medical needs. In the event Defendants choose to file another motion, they are directed to do so within 45 days. If they believe the PREA grievances should be filed under seal, they may file the appropriate motion.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 23, 2020
Spartanburg, South Carolina

---

by the judge"). Defendants may address exhaustion of administrative remedies and the merits of Plaintiff's medical claim in any supplemental briefing.